IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TULL BROTHERS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 12-0314-KD-M |
| | ) |
| PEERLESS PRODUCTS, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion for leave to file amended answer filed by defendant Peerless Products, Inc. (Peerless), the response filed by plaintiff Tull Brothers, Inc., (Tull Brothers), Peerless' reply and supplemental reply. (Docs. 26, 31-33).  Upon consideration, and for the reasons set forth herein, the motion is **GRANTED in part and DENIED in part.**

I. Proposed defenses 31 through 35

Peerless moves the Court for leave to amend its answer to assert six affirmative defenses. Tull Brothers does not raise any objection to the proposed affirmative defenses 31 through 35: Waiver, estoppel, laches, all terms and conditions within contract documents, and contributory negligence.  The Federal Rules state, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2).  Although Tull Brothers did not object as to these five affirmative defenses, it did not provide written consent.  Therefore, the Court must determine whether justice requires granting Peerless leave to amend its answer to assert these defenses.

Generally, in the absence of any reason to deny the motion, such as undue prejudice to

the non-movant, undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies on the part of the movant, or futility, leave to amend should be freely given when justice so requires.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1100 (11th Cir.1996)  Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir.2001).

The motion is timely in that it was filed before the deadline for amendment of pleadings. Also, discovery does not end until February 1, 2013.  Thus, the parties have sufficient time to conduct discovery regarding the five affirmative defenses such that there does not appear to be undue prejudice to the non-movant Tull Brothers.  The docket does not indicate that Peerless engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. Accordingly, Peerless' motion for leave to amend its answer to raise these five affirmative defenses is **GRANTED.**  Peerless shall file its amended answer on or before **Monday, December 10, 2012.**

II. <u>Proposed defense 30</u>

Peerless seeks to amend its answer to add the following defense:

> 30.  Peerless pleads that Tull Brothers failed to comply with the terms and conditions contained within the subject Purchase Order.  Tull Brothers failed to present any claim against Peerless in writing and with particulars within twenty (20) days after the claim became reasonably ascertainable.  Therefore, Peerless has no responsibility or liability and Tull Brothers waived any such claim against Peerless.

(Doc. 31)

The defense is based on this paragraph in Peerless' Terms and Conditions on its website:

> 16. CLAIMS. Buyer must present any and all claims of any nature to Peerless in writing and with particulars within twenty (20) days after the claim becomes reasonably ascertainable; otherwise, Peerless shall have no responsibility or

liability and Buyer shall be deemed to have waived such claim.

(Doc. 32, p. 26)

Peerless asserts that its Sales Quotation incorporates the Peerless Terms and Conditions including paragraph 16, by reference, as follows:

> All Peerless purchases are subject to the terms and conditions of sale posted on the Peerless website at the following address . . . By placing an order with Peerless, the purchaser acknowledges acceptance of these terms and conditions. Any deviation from these terms & conditions must be approved by Peerless in writing prior to acceptance of the order.

(Doc. 32, p. 23, Sales Quotation)

Peerless argues that because the USA Purchase Order incorporated the Peerless Sales Quotation as Attachment 1 and incorporated an email as Attachment 2, the Peerless Terms and Conditions from the website were incorporated into the USA Purchase Order. Peerless argues that paragraph 16 then became a term and condition of the sale and because Tull Brothers failed to comply with paragraph 16, raising this defense is not futile. (Docs. 32, 33)

Tull Brothers argues that allowing this amendment would be futile because the controlling Terms and Conditions are those found in the USA Purchase Order which was signed by the parties. Tull points out that Paragraph A of the Terms and Conditions in the USA Purchase Order states that the seller's terms and conditions, *i.e.*, Peerless, are not incorporated "unless specifically so stated". (Doc. 31, p. 3) Tull argues that attaching the Peerless Sales Quotation as Attachment 1 is not "specifically" stating that the Peerless Terms and Conditions are incorporated into the USA Purchase Order. Tull argues that Attachment 1 to the Sales Quotation is a "description" of the materials purchased and that there is "simply no language in the purchase order that indicates that South Alabama accepted any terms and conditions of Peerless." (Doc. 31, p. 3)

3

Case 1:12-cv-00314-KD-M   Document 43   Filed 11/29/12   Page 4 of 7

"[L]eave to amend a pleading may properly be denied under Rule 15(a) 'when such amendment would be futile.'" *Mitchell Co., Inc. v. Campus,* 2008 WL 5412933, *4 (S.D. Ala. Dec 29, 2008) (quoting *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1263 (11th Cir. 2004)).   In addressing a motion for leave to amend an answer, the Court takes guidance from analogous authorities relevant to amending complaints.  *Id*. (citing *Bartronics, Inc. v. Power-One, Inc.,* 245 F.R.D. 532, 535 (S.D. Ala. 2007) (citing *Arista Records, Inc. v. Flea World, Inc.,* 356 F.Supp.2d 411, 419 (D.N.J.2005) (stating that "[t]he same standard applies to motions for leave to amend both complaints and answers[ ]")). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.,* 198 F.3d 815, 822 (11th Cir.1999).  "Translating that standard to the amended answer context, a finding of futility is, in effect, a legal conclusion that the proposed defense would necessarily fail." *Bartronics*, at 535; *see e.g., Massie v. Board of Trustees, Haywood Community College,* 357 F. Supp. 2d 878, 884 (W.D.N.C.2005) (stating that a motion to amend an answer to state a new affirmative defense should be denied as futile only if proposed amendment is "clearly insufficient or frivolous on its face"); *Tomlinson v. Landers,* 2009 WL 1117399, *6 (M.D. Fla. Apr. 24, 2009) (denying as futile the motion to amend answer to assert the affirmative defense of accord and satisfaction upon finding that no settlement agreement was ever consummated).

The Court finds that Peerless' Terms and Conditions were not incorporated into the USA Purchase Order.  Therefore, allowing Peerless to amend its answer to allege defense 30 would be futile.  Applying principals of contract interpretation, the signed USA Purchase Order and attachments form the "whole of the contract".  *Porter Capital Corp. v. Thomas*, 2012 WL

4

3139871, 7 (Ala. Civ. App., 2012) ("Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract.")  (citation omitted). "The elements of a valid contract include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Ex parte Jackson County Bd. of Educ.*, 4 So.3d 1099, 1103-1104 (Ala. 2008) (citations omitted). "The purpose of a signature on a contract is to show mutual assent" to the contract. *I.C.E. Contractors, Inc., v. Martin & Cobey Const. Co.*, 58 So. 3d 723, 725 (Ala. 2010) (citations omitted).

The USA Purchase Order contained four pages.  (Doc. 31-1, p. 3-4).  The parties signed all four pages including the two pages captioned "Terms and Conditions".  Their signatures indicate mutual assent to the USA Purchase Order and the Terms and Conditions therein, including Paragraph A, the relevant portion of which states as follows:

> The terms and conditions of purchase are those set forth here, by notations on, or by listed attachments to this order.  This order does not incorporate any terms and conditions of seller's quotation unless specifically so stated.  No change to terms, conditions, or price will be allowed to this order unless it is accepted in writing by the purchaser.

 (Doc. 31-1, p. 3)

This is the term and condition to which they agreed.  Under "[g]eneral contract law" a court is required "to enforce an unambiguous, lawful contract, as it is written." *Public Bldg. Authority of City of Huntsville v. St. Paul Fire and Marine Ins. Co.,* 80 So.3d 171, 180-181 (Ala. 2010) (citations omitted).  "When interpreting a contract, a court should give the terms of the agreement their clear and plain meaning and should presume that the parties intended what the terms of the agreement clearly state. " *Id*. at 180 (citations and internal quotations omitted).

The "plain meaning" of Paragraph A is that the USA Purchase Order "does not incorporate any terms and conditions of seller's quotation unless specifically so stated."  As to a

specific statement of incorporation, Peerless argues that it marked-up the USA Terms and Conditions to refer to Peerless' Sales Quotation in order to incorporate Peerless' Terms and Conditions and although the final signed version of the USA Terms and Conditions not include this mark-up, the incorporation was accomplished by including this phrase "Also per Tull Brothers Approved version of Peerless Quote . . . (Attachment 1)" on page one of the USA Purchase Order and by attaching the Sales Quotation.[1]

Page one of the USA Purchase Order, where Peerless argues its Terms and Conditions were specifically incorporated, reads as follows:

> 1 Lot Window materials.  Description per Tull Brothers & Per approved submittals & shop drawings.  Also per Tull Brothers Approved version of Peerless Quote 551840 dated 12/27/10 (Attachment #1).  Also per email from Peerless dated 12/30/10 (Attachment #2).

(Doc. 32, p. 18)

"Per" is defined as "for each; for every" "by means of" or "according to; in accordance with." www.Dictionary.reference.com   The paragraph begins "1 Lot Window materials. Description per" and the use of "& per" and "also per" suggests that the phrases relate back to the "Description" of "1 Lot of Window materials.  Here, the plain meaning is that Attachment 1 (the Sales Quotation) and Attachment 2 (the emails)[2] complete the "Description" of "1 Lot

---

[1] One of Peerless' mark-ups to the USA Terms and Conditions was included on page two of the USA Purchase Order.  The language of this inclusion contrasts with the language upon which Peerless relies to establish the incorporation of its Terms and Conditions. (Doc. 32, p. 19) The statement reads: " Per Peerless Mark-ups of Purchase Order #17-01.  Exception taken by Peerless to T&C of PO items C&D.  This is agreed upon w/ P.P.I., T.B.I. & ECI on 12/30/10. . . .".  Thus, the parties clearly "agreed upon" this change to the "T&C of PO" and put it in writing.

[2] Attachment 2 is an email from Peerless to Tull Brothers which was forwarded to USA's construction superintendent along with the final version of the Peerless Sales Quotation (Doc. 32, p. 24).  The email addresses issues USA had with the "Exclusions" paragraph on page two of the Sales Quotation which excluded from the price any "Special freight considerations" (Continued)

Window materials."  There is no specific statement that Peerless' Terms and Conditions are incorporated into the USA Purchase Order.  *See Porter Capital Corp. v. Thomas*, 2012 WL 3139871, 8-9 (Ala.Civ.App. 2012) ("Where contract terms are unambiguous, [an appellate court does] not look beyond the plain language of the contract to second-guess the intentions of the parties; nor will [it] speculate about what may have been the subjective expectations of the parties. . . . [I]t is elementary that it is the terms of the written contract, not the mental operations of one of the parties, that control its interpretation. . . ) (citations omitted; bracketed text in original).  Therefore, Peerless' motion for leave to amend its answer to assert defense 30 is **DENIED**.

   **DONE** this the 28th day of November, 2012.

                                     s/ Kristi K. DuBose
                                     KRISTI K. DuBOSE
                                     UNITED STATES DISTRICT JUDGE

---

and "any costs to the attend buyer field test".  (Doc. 32, p. 23)  The delivery/freight issues and responsibility for damages discussed in Attachment 2 are addressed in the last paragraph on page 2 of the USA Purchase Order.  Attachment 2 also clarified that Peerless' quoted price would include the costs of a Peerless representative attending the field water tests, stated that the Sales Quotation now matched the approved shop drawings, and discussed issues related to those drawings.  However, Attachment 2 does not mention any terms and conditions from the Peerless website and there is no statement therein that could reasonably be construed as a specific statement that Peerless' Terms and Conditions were incorporated.